UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN W. STONE OIL DISTRIBUTOR, L.L.C.<br>        *Plaintiff*<br><br>VERSUS<br><br>CHARLES "SAM" KINZELER, BILLY W. HANEY, H&K MARINE SERVICES, LLC, DAUPHIN MARINE TRANSPORTATION, LLC, FOUR RIVERS TOWING, LLC, FOUR RIVERS TOWING OF ALABAMA, LLC, and SUPERIOR BAY MARINE, LLC,<br>        *Defendants*<br><br>AND<br><br>HANCOCK WHITNEY BANK and REGIONS BANK,<br>        *Garnishees* | CIVIL ACTION NO:<br><br>Admiralty Rule 9(h) |

**VERIFIED COMPLAINT**

    **NOW INTO COURT**, through undersigned counsel, comes Plaintiff, John W. Stone Oil Distributor, L.L.C. ("Stone Oil"), who files this Verified Complaint against defendants, Charles "Sam" Kinzeler, Billy W. Haney, H&K Marine Services, LLC, Dauphin Marine Transportation, LLC, Four Rivers Towing, LLC, Four Rivers Towing of Alabama, LLC, and Superior Bay Marine, LLC (collectively, the "Defendants"), and garnishees, Hancock Whitney Bank and Regions Bank (collectively, the "Garnishees"), and alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1333, as this matter concerns the breach of a maritime contract. This is an admiralty and maritime claim within the meaning of

Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rules B and E of the Federal Rules of Civil Procedure.

2. Jurisdiction over the defendants is proper because they entered into a maritime contract for purchase of vessel necessaries within this district and the contract was performed within this district. Based on the defendant's alter-ego status of each other operating as a single-business enterprise, this Court's jurisdiction over all of the defendants, as well as their respective assets, is co-extensive.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the contract was entered into and performed within this district, and based on the presence of assets of the defendants in the District of this Court, which are in the care, custody, and control of the garnishees including, but not limited to Hancock Whitney Bank and Regions Bank.

## THE PARTIES

4. At all relevant times, John W. Stone Oil Distributor, L.L.C. ("Stone Oil") was and is a Louisiana limited liability company with its principal place of business at 1601 Belle Chasse Hwy, Suite 300, Terrytown, LA 70056. Stone Oil provides marine diesel fuel, lube, and other vessel necessaries and services to vessels calling at its fuel docks at various locations in and near the Gulf of Mexico and Mississippi River.

5. The defendants are:

(a) **CHARLES "SAM" KINZELER ("Kinzeler")**, *in personam*, who upon information and belief is a resident of Alabama and owner and CEO of several business entities that he collectively utilizes as a single business enterprise, and through said business entities Kinzeler owns and/or operates several tugboats and barges, including the M/V DANA K, operating throughout the navigable waters of the United States. Kinzeler may be served at his domicile address: 593 Sheffield Avenue, Foley, Alabama 36535;

(b) **BILLY W. HANEY ("Haney")**, *in personam*, who upon information and belief is a resident of Alabama and owner and CEO of several business entities that he collectively utilizes as a single business enterprise, and through said business entities Haney owns and/or operates several tugboats and barges, including the M/V DANA K, operating throughout the navigable waters of the United States.  Haney may be served at his domicile address: 2524 South Daniels Road, Mobile, Alabama 36605;

(c) **H&K MARINE SERVICES, LLC ("H&K Marine")**, *in personam*, which upon information and belief is an Alabama limited liability company with its principal place of business located at 2524 South Daniels Road, Mobile, Alabama 36605, and is co-owned and operated by Kinzeler and Haney, which, upon information and belief, conducts business in the State of Louisiana and is the ostensible owner or former owner of the M/V DANA K.  H&K Marine may be served through its registered agent for service of process: Billy Haney, 2524 South Daniels Road, Mobile, Alabama 36605;

(d) **DAUPHIN MARINE TRANSPORTATION, LLC ("Dauphin Marine")**, *in personam*, which upon information and belief is an Alabama limited liability company with its principal place of business located at 2524 South Daniels Road, Mobile, Alabama 36605, and is owned and operated by Haney, which conducts business in the State of Louisiana and is utilized by Haney to charter vessels he and/or Kinzeler owns, including the M/V DANA K.  Dauphin Marine may be served through its registered agent for service of process: Billy Haney, 2524 South Daniels Road, Mobile, Alabama 36605;

(e) **FOUR RIVERS TOWING, LLC ("Four Rivers")**, *in personam*, which upon information and belief is a Kentucky limited liability company with its principal place of business located at 593 Sheffield Avenue, Foley, Alabama 36535, and is owned and operated by Kinzeler, which, upon information and belief, conducts business in the State of Louisiana and is utilized by

Kinzeler to pay the debts and obligations of himself and/or other corporations owned and operated by Kinzeler and/or Haney. Four Rivers may be served through its registered agent, Charles "Sam" Kinzeler, at 593 Sheffield Avenue, Foley, Alabama 36535;

(f) **FOUR RIVERS TOWING OF ALABAMA, LLC**, *in personam*, which upon information and belief is an Alabama limited liability company with its principal place of business located at 593 Sheffield Avenue, Foley, Alabama 36535, and is owned and operated by Kinzeler, which, upon information and belief, conducts business in the State of Louisiana and is utilized by Kinzeler to pay the debts and obligations of himself and/or other corporations owned and operated by Kinzeler and/or Haney. Four Rivers Towing of Alabama, LLC may be served through its registered agent, Charles "Sam" Kinzeler, at 593 Sheffield Avenue, Foley, Alabama 36535; and

(g) **SUPERIOR BAY MARINE, LLC ("Superior Bay")**, *in personam*, which upon information and belief is an Alabama limited liability company with its principal place of business located at 593 Sheffield Avenue, Foley, Alabama 36535, and is owned and operated by Kinzeler, which, upon information and belief, conducts business in the State of Louisiana and is utilized by Kinzeler to pay the debts and obligations of himself and/or other corporations owned and operated by Kinzeler and/or Haney. Superior Bay may be served through its registered agent, Dana Kinzeler, at 593 Sheffield Avenue, Foley, Alabama 36535.

6. The garnishees are:

(a) **Hancock Whitney Bank**, which upon information and belief is in the care, custody, and control of certain tangible and/or intangible assets of the Defendants, including but not limited to a bank account in the name of Billy W. Haney and/or Dauphin Marine Transportation, LLC with account number XXXXXX4148. The main branch of Hancock Whitney Bank within this District is located at 701 Poydras Street, New Orleans, Louisiana 70139.

(b)     **Regions Bank**, which upon information and belief is in the care, custody, and control of certain tangible and/or intangible assets of the Defendants, including but not limited to a bank account in the name of Charles "Sam" Kinzeler and/or Four Rivers Towing, LLC with account number XXXXXX3070 and a bank account in the name of Charles "Sam" Kinzeler and/or Four Rivers Towing of Alabama, LLC with account number XXXXXX3232.  The main branch of Regions Bank within this District is located at 400 Poydras Street, New Orleans, Louisiana 70130.

## ALTER EGO ALLEGATIONS

7.      Upon information and belief, at all times relevant hereto, both Kinzeler and Haney conducted business at their residential properties in Alabama.  Upon information and belief, none of the business entities named as defendants herein and associated with Kinzeler and Haney, are operated from separate commercial business addresses, utilize a business phone number, maintain a business website, or are otherwise distinguishable from their individual owners.

8.      Stone Oil reserves all rights to conduct jurisdictional discovery establishing its allegations of alter-ego and single business enterprise status by and among the defendants and each of their affiliated, subsidiary business entities listed in paragraph 5 above, *see ING Bank N.V. v. M/V PORTLAND, IMO NO. 9497854*, No. 15-0805, 2016 WL 3365426 (M.D. La., June 16, 2016), and further shows:

(a)     The president and chief executive officer of H&K Marine, namely, Kinzeler and Haney respectively, are also the president and chief executive officers of Dauphin Marine, Four Rivers, Four Rivers Towing of Alabama, LLC, and Superior Bay and, therefore, the business relationships between H&K Marine and each of the affiliated/subsidiary business entities of Kinzeler and Haney are not and have not been true arm's length business transactions;

(b)     The administrative and managerial personnel of H&K Marine, namely, Kinzeler and Haney, have functioned and performed duties as administrative and managerial personnel of their affiliated/subsidiary corporate business entities;

(c)     Upon information and belief, Kinzeler and Haney control all operations of vessels they own through their business entities, and routinely pay debts incurred by these vessels with personal funds or with commingled funds from one of their subsidiary business entities;

(d)     Upon information and belief, Kinzeler and Haney routinely divert any and all assets from one of their business entities once it is debt laden or otherwise prudent to do so, resulting in its undercapitalization, to a newly formed business entity under a new name, all to the detriment of legitimate trade creditors, like Stone Oil;

(e)     Upon information and belief, Kinzeler and Haney misuse and abuse the corporate form of its numerous business entities to unjustly divert corporate funds away from business creditors, like Stone Oil;

(f)     Upon information and belief, Kinzeler and Haney control the bank accounts of their business entities and utilize the assets from one entity's account to satisfy the debts incurred by another business entity, thus blurring any distinction between the assets of their numerous business entities;

(g)     Upon information and belief, Kinzeler and Haney operate their numerous business entities from their personally owned residential properties in Alabama;

(h)     Upon information and belief, none of the business entities owned by Kinzeler and Haney are operated from a commercial business address or otherwise have a registered business address/office, and none of the business entities owned by Kinzeler and Haney have a business website, registered business telephone number, or are otherwise publicly presented and/or advertised as a standalone business separate from its owner and operator, Kinzeler and Haney; and

(i)     Other acts, omissions, and documents obtained during discovery demonstrating the alter-ego and single business enterprise status of the defendants named herein.

9.     The initial evidentiary basis for Stone Oil's allegations of alter ego and single-business enterprise status by and among the *in personam* Defendants was obtained through several available sources including:

(a)     The April 26, 2021 sworn testimony of Charles "Sam" Kinzeler given during trial in the matter entitled *Drinnon Marine, LLC v. Four Rivers Towing of Alabama, LLC, et al*, Case No. 19-12485, United States District Court for the Eastern District of Louisiana ("Kinzeler's 2021 Testimony"), confirming his status as a co-owner of H&K Marine Services, LLC with Billy W. Haney, as well as the sole owner of Four Rivers Towing, LLC and Four Rivers Towing of Alabama, LLC.  *See* Trial Transcript Excerpts of the Testimony of Charles "Sam" Kinzeler in the Matter Entitled *Drinnon Marine, LLC v. Four Rivers Towing of Alabama, LLC, et al*, Case No. 19-12485, U.S. District Court for the Eastern District of Louisiana, attached as **Exhibit "A"**, at pages 52:8-17, 55:20-56:3, and 176:1-9.

(b)     Kinzeler's status as the owner of Superior Bay Marine, LLC can be reasonably inferred from the fact that the registered agent is Dana Kinzeler, who is the spouse or relation of Sam Kinzeler, and Superior Bay's registered address, 8919 Bay Point Drive, Elberta, Alabama 36530, is the same registered address listed for Kinzeler's other business entities, including Four Rivers Towing, LLC and Four Rivers Towing of Alabama, LLC.  Upon information and belief, this address was a residential property owned by Kinzeler and his wife until sold on July 15, 2022. *See* Alabama and Kentucky Secretary of State Business Entity Records and Bill of Sale, attached *in globo* as **Exhibit "B"**.

(c) The April 27, 2021, sworn testimony of Haney given during trial in a matter heard by this Court entitled *Drinnon Marine, LLC v. Four Rivers Towing of Alabama, LLC, et al*, Case No. 19-12485, U.S. District Court for the Eastern District of Louisiana ("Haney's 2021 Testimony"), confirming his status as a co-owner of H&K Marine Services, LLC with Charles "Sam" Kinzeler, as well as the sole owner of Dauphin Marine Transportation, LLC.  *See* Trial Transcript Excerpts of the Testimony of Billy W. Haney in the Matter Entitled *Drinnon Marine, LLC v. Four Rivers Towing of Alabama, LLC, et al*, Case No. 19-12485, U.S. District Court for the Eastern District of Louisiana, attached as **Exhibit "C"**, at pages 188:4-17, 208:2-5, and 208:13-209:3.

(d) Kinzeler's 2021 Testimony confirms that he routinely transfers assets between the accounts of his business entities including, but not limited to Four River Towing, LLC and Four River Towing of Alabama, LLC, all in flagrant disregard of any corporate formalities and further demonstrating non-separateness and complete domination and control of Kinzeler over his business entities to the detriment of any creditor he wishes to avoid paying, such as Stone Oil.  *See* Ex. "A", at pgs. 132:6-9, 132:23-133:13, 133:24-134:12, 134:22-135:7, 136:3-9, and 136:19-137:2.

(e) Upon information and belief based upon Stone Oil's history of dealings with Kinzeler, he would also routinely use the bank accounts of his other business entities, namely Superior Bay Marine, LLC to satisfy the debts incurred by other business entities, all in flagrant disregard of any corporate formalities and further demonstrating the non-separateness and complete domination and control of Kinzeler over his business entities to the detriment of any creditor he wishes to avoid paying, such as Stone Oil.  *See* Incoming Wire Reports of Stone Oil and Corresponding Invoices, attached *in globo* as **Exhibit "D"**.

(f)     Haney's 2021 Testimony confirms that H&K Marine Services, LLC is just a holding company that holds the M/V DANA K, which is co-owned by both Kinzeler and Haney. *See* Ex. "C", at pg. 188:4-17.

(g)     Haney's 2021 Testimony confirms that it is the routine business practice of both Haney and Kinzeler that they would conduct business and enter into contracts using one of their undercapitalized business entities containing no assets, which upon information and belief was done in order to avoid the possibility of any potential creditor, such as Stone Oil, from being able to collect on a debt Kinzeler and Haney wished to avoid.  *See* Ex. "C", at pgs. 220:11-221:5, and 221:11-18.

(h)     The prior business dealings between Stone Oil and Kinzeler and Haney made clear that Kinzeler and Haney were personally responsible for debts related to the M/V DANA K.  This is evidenced by the personal payments made by Kinzeler and Haney for invoices mailed to Dauphin Marine Transportation, LLC and necessaries provided to the M/V DANA K.  *See* Invoices and Corresponding Wire Transfers and/or Transaction Receipts received by Stone Oil, attached *in globo* as **Exhibit "E"**.

(i)     Upon information and belief, it is also evident after extensive research into the business entities owned by Kinzeler and/or Haney that none of these entities have any real identity or presence that is separate and distinct from either Kinzeler or Haney.  None of the business entities owned by Kinzeler and/or Haney are operated from a commercial business address or otherwise have a registered business address/office, and all entities owned by Kinzeler and/or Haney list their personal residential address as the business's address.  None of the business entities owned by Kinzeler and/or Haney have a business website, registered business telephone number, or are otherwise publicly presented and/or advertised as a standalone business separate from its owner and operator, Kinzeler and Haney.

**THE FACTS**

10. Upon information and belief, at all times relevant hereto, Kinzeler and Haney co-owned the M/V DANA K, Official No. 501183 ("DANA K"), through their single-asset shell corporation, H&K Marine.

11. Upon information and belief, Kinzeler and Haney regularly operated the DANA K through an undercapitalized operating company, Dauphin Marine, an entity owned and operated by Haney.

12. Upon information and belief, Kinzeler and Haney would enter into a verbal charterparty whereby H&K Marine would charter the DANA K to Dauphin Marine. Upon information and belief, this arrangement sometimes involved H&K Marine first chartering the DANA K to one of Kinzeler's shell companies, which would then sub-charter the DANA K to Dauphin Marine.

13. Upon information and belief, it is customary in the maritime industry for charterers like Dauphin Marine to provide marine diesel fuel, lubricants, fresh water, food, and other provisions to vessels for their operation and care.

14. Upon information and belief, Kinzeler and Haney began ordering marine diesel fuel and other necessaries for their vessels from Stone Oil beginning in 2018.

15. Throughout their regular course of dealings and the historic payment practices of Kinzeler and Haney, Stone Oil understood that it was Kinzeler and Haney who were ultimately responsible for the outstanding debts associated with necessaries provided to their vessels. This belief is based on the fact that Kinzeler and Haney would regularly pay their outstanding debts from accounts in their own names and/or through the account of one of their numerous shell companies.

16. Upon information and belief, at no time did Kinzeler or Haney inform Stone Oil that they were merely an agent for a disclosed principal or that Kinzeler or Haney were not financially responsible for the services performed or goods provided by Stone Oil.

17. On or about March 2, 2022, Kinzeler and/or Haney contacted Stone Oil and placed a verbal order requesting 3,000 gallons of marine diesel fuel, specifically, "Diesel #2, Ultra Low S, Dyed" (hereinafter, "Marine Diesel Fuel") and water for the DANA K ("Order #1"). Stone Oil was informed that this order was for the account of Dauphin Marine.

18. On March 3, 2022, Stone Oil delivered 3,000 gallons of Marine Diesel Fuel and provided water to the DANA K while the vessel was docked at Stone Oil's intracoastal facility in Vermilion, Louisiana.

19. The same day that Order #1 was delivered, Stone Oil issued an invoice to Dauphin Marine for $11,103.00 ("Invoice No. IC94024"). The terms of payment were "Net 30", with Invoice No. IC94024 being due on April 2, 2022.

20. On or about March 23, 2022, Kinzeler and/or Haney contacted Stone Oil to place another verbal order requesting 13,000 gallons of Marine Diesel Fuel for the DANA K ("Order #2"). Stone Oil was informed that this order was for the account of Dauphin Marine.

21. On March 24, 2022, Stone Oil delivered 13,000 gallons of Marine Diesel Fuel to the DANA K while the vessel was docked at Stone Oil's Belle Chasse facility in Plaquemines, Louisiana.

22. The same day that Order #2 was delivered, Stone Oil issued an invoice to Dauphin Marine for $58,123.00 ("Invoice No. BC96875"). The terms of payment were "Net 30", with Invoice No. BC96875 being due on April 23, 2022.

23. On or about April 3, 2022, Kinzeler and/or Haney contacted Stone Oil to place another verbal order requesting 10,000 gallons of Marine Diesel Fuel, 9,000 gallons of water,

disposal of a large amount of trash, and twenty (20) units of 5-gallon pails of "Shell Rotella T1 40" oil for the DANA K ("Order #3"). Stone Oil was informed that this order was for the account of Dauphin Marine.

24. On April 4, 2022, Stone Oil delivered 10,000 gallons of Marine Diesel Fuel, 9,000 gallons of water, and 20 units of 5-gallon pails of "Shell Rotella T1 40" oil and removed roughly 72 to 100 pounds of trash from the DANA K while the vessel was docked at Stone Oil's intracoastal facility in Vermilion, Louisiana.

25. The same day that Order #3 was delivered, Stone Oil invoiced Dauphin Marine for $40,738.60 ("Invoice No. CN98010"). The terms of payment were "Net 30", with Invoice No. CN98010 being due on May 4, 2022.

26. Stone Oil provided the above-described necessaries for the benefit of the DANA K, all of which was performed or provided by Stone Oil in a good and workmanlike manner and upon information and belief was ordered and accepted by Kinzeler and Haney and utilized by the DANA K for the vessel's benefit.

27. Attached *in globo* as **Exhibit "F"** are true and correct copies of the invoices and delivery confirmations for Invoice No. IC94024, Invoice No. BC96875, and Invoice No. CN98010 (collectively the "Outstanding Invoices"). Together the Outstanding Invoices total $109,645.67.

28. The charges shown in the Outstanding Invoices are fair and reasonable for the necessaries and services provided to the DANA K.

29. On May 17, 2022, Stone Oil contacted Kinzeler and Haney to inquire about the Outstanding Invoices and informed them that unless Stone Oil heard from them before the end of the day Stone Oil would begin pursuing legal action. *See* Email Correspondence from Prune Buras of Stone Oil to Kinzeler and Haney, dated May 17, 2022, attached as **Exhibit "G"**.

30. On May 17, 2022, Sam Kinzeler responded to Stone Oil acknowledging the debt and informing Stone Oil that they (i.e., Kinzeler and Haney) were waiting on a payment from a client and would pay Stone Oil by the end of the week. *See* Email Correspondence from Sam Kinzeler to Prune Buras of Stone Oil, dated May 17, 2022, attached as **Exhibit "H"**.

31. To date, only $3,381.39 of Invoice No. IC94024 has been paid. This payment was made by Kinzeler via a credit card in his personal name. *See* Credit Card Receipt, dated June 14, 2022, attached as **Exhibit "I"**. Despite amicable demand, and in breach of the parties' contract, $106,264.28 of the principal amount remains unpaid.

32. Throughout the parties' course of dealings, Kinzeler and Haney as the owners of the DANA K: (a) requested and obtained necessaries from Stone Oil; (b) received the invoicing by Stone Oil; and (c) with the exception of the necessaries described above and in the Outstanding Invoices attached, paid Stone Oil.

### AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF MARITIME CONTRACT

33. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-32 above.

34. Collectively, the verbal order for Stone Oil to provide necessaries to the DANA K on the three separate occasions described above, and the actual delivery of those necessaries to the DANA K as evidenced by the attached Outstanding Invoices, constituted three separate maritime contracts for necessaries.

35. Defendants have failed to satisfy the Outstanding Invoices and have breached their contract with Stone Oil. By virtue of the Defendants' breaches of the three maritime contracts for necessaries, Stone Oil has incurred losses and damages in the principal amount of $106,264.28 and is entitled to judgment in the amount of $106,264.28, plus interest and costs.

## AS AND FOR A SECOND CAUSE OF ACTION FOR RULE B MARITIME ATTACHMENT

36. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1-35 above.

37. The requirements of Rule B are met. First, Plaintiff has a valid maritime claim, breach of a maritime contract, against the *in personam* Defendants.

38. Second, Rule B of the Federal Supplemental Rules for Admiralty or Maritime Claims authorizes a maritime claimant to attach a defendant's property within a district if the defendant cannot be found within the district. The *in personam* Defendants cannot be found within this district. (*See* attached Attorney's Declaration that Defendants Cannot be Found Within the District).

39. Third, upon information and belief, Kinzeler and Haney are domiciled in Alabama, and each of their business entities identified in Paragraph 5 above are Alabama or Kentucky business entities, and as of the time of filing this Verified Complaint, none have offices in the Eastern District of Louisiana; they have no agent(s) for service of process in the Eastern District of Louisiana; Stone Oil is informed and believes that none of the officers of the business entities identified in Paragraph 5 above, namely, Kinzeler or Haney, are now within the Eastern District of Louisiana; that the individuals and each of their business entities identified in Paragraph 5 above do not maintain any physical addresses or telephone listings within the Eastern District of Louisiana; that no person is present within the Eastern District of Louisiana to receive a summons and complaint as contemplated by Fed. R. Civ. P. 4(d), and, otherwise, cannot be found in the Eastern District of Louisiana. Upon information and belief, however, the Defendants, have property located within this District. More particularly, upon information and belief, garnishees, Hancock Whitney Bank and Regions Bank, possesses property of Defendants in the form of bank

accounts and other assets held in the name of Charles "Sam" Kinzeler and/or Billy W. Haney and/or H&K Marine Services, LLC and/or Dauphin Marine Transportation, LLC and/or Four Rivers Towing, LLC and/or Four Rivers Towing of Alabama, LLC and/or Superior Bay Marine, LLC located within this District, specifically, account number XXXXXX4148 at Hancock Whitney Bank, account number XXXXXX3070 at Regions Bank, and account number XXXXXX3232 at Regions Bank.

40. Fourth, there is no statutory bar to recovery.

41. The *in personam* Defendants have not posted any security for Stone Oil's claims as of the date of this Verified Complaint.

42. Stone Oil has filed an *in rem* claim against the M/V DANA K in the United States District Court for the Southern District of Mississippi, in a matter entitled "John W. Stone Oil Distributor, L.L.C. v. M/V DANA K, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*", Civil Action No. 1:22-cv-00151-LG-RPM. In an apparent attempt to evade their contractual obligations to Stone Oil, the Defendants purportedly sold the M/V DANA K on or about June 8, 2022, and continued to willfully fail to satisfy the Outstanding Invoices. The M/V DANA K has been arrested pursuant to Supplemental Rule C. No security has been posted to secure the release of the vessel. The vessel is in deficient condition and at the recent judicial auction held on October 21, 2022, the vessel did not sell. Stone Oil has not been secured for its claims.

43. Accordingly, Stone Oil seeks jurisdiction over the Defendants through attachment of their property. Pursuant to Rule B, Stone Oil requests that this Court issue an order and writ of attachment and garnishment and enter judgment against the *in personam* Defendants.

44. STONE OIL, AGREES TO RELEASE AND HOLD HARMLESS AND INDEMNIFY THE UNITED STATES OF AMERICA, THE UNITED STATES MARSHAL, THEIR AGENTS, SERVANTS, EMPLOYEES, AND ALL OTHERS FOR WHOM THEY ARE

RESPONSIBLE FROM ANY AND ALL LIABILITY OR RESPONSIBILITY FOR CLAIMS ARISING FROM THE ATTACHMENT OF THE DEFENDANT'S PROPERTY, INCLUDING, BUT NOT LIMITED TO, ANY BANK ACCOUNTS HELD BY HANCOCK WHITNEY BANK AND/OR REGIONS BANK ON BEHALF OF CHARLES "SAM" KINZELER AND/OR BILLY W. HANEY AND/OR H&K MARINE SERVICES, LLC AND/OR DAUPHIN MARINE TRANSPORTATION, LLC AND/OR FOUR RIVERS TOWING, LLC AND/OR FOUR RIVERS TOWING OF ALABAMA, LLC AND/OR SUPERIOR BAY MARINE, LLC.

**WHEREFORE**, Stone Oil prays:

(a) That this Honorable Court issue an order directing the clerk to issue a writ of maritime attachment and garnishment of the *in personam* Defendants' assets within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(b) That any security thereafter fixed by this Honorable Court be conditioned for the maximum amount permitted by Rule E(5), which permits up to twice the amount of Stone Oil's claim;

(c) That this Honorable Court issue judgment against the Defendants in the principal amount of $106,264.28 plus interest; and

(d) That this Honorable Court grant such other and further relief as it deems just and proper.

Respectfully submitted:

*/s/ Jacques P. DeGruy*
Robert R. Johnston, T.A. (#22442)
Jacques P. DeGruy (#29144)
Aaron B. Greenbaum (#31752)
Gillis W.P. Klotz (#38800)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Robert.Johnston@pjgglaw.com
Jacques.DeGruy@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Gillis.Klotz@pjgglaw.com
**ATTORNEYS FOR JOHN W. STONE OIL DISTRIBUTOR, L.L.C.**

**Please Serve Via Long-Arm Statute:**

1) **Charles "Sam" Kinzeler**
   593 Sheffield Avenue
   Foley, Alabama 36535

2) **Billy W. Haney**
   2524 South Daniels Road
   Mobile, Alabama 36605

3) **H&K Marine Services, LLC**
   Through its registered agent for service of process:
   Billy Haney
   2524 South Daniels Road
   Mobile, Alabama 36605

4) **Dauphin Marine Transportation Services, LLC**
   Through its registered agent for service of process:
   Billy Haney
   2524 South Daniels Road
   Mobile, Alabama 36605

5) **Four Rivers Towing, LLC**
Through its registered agent for service of process:
Charles "Sam" Kinzeler
593 Sheffield Avenue
Foley, Alabama 36535

6) **Four Rivers Towing of Alabama, LLC**
Through its registered agent for service of process:
Charles "Sam" Kinzeler
593 Sheffield Avenue
Foley, Alabama 36535

7) **Superior Bay Marine, LLC**
Through its registered agent for service of process:
Dana Kinzeler
593 Sheffield Avenue
Foley, Alabama 36535